## McCalop *v.* Fluker's Heirs.

*Where proceedings are instituted* via executiva *against the widow in community and tutrix, who takes a suspensive appeal in her capacity* as administratrix of her deceased husband's estate, *she is not entitled to a delay in the Supreme Court to have the heirs of her husband made parties to the appeal. If the heirs ought to have been made parties, and were not, the appellee might have moved to dismiss, but the appellant could not have been permitted to take advantage of her own laches. But it was not necessary to join the heirs in the appeal, for the purposes of which the administratrix had full capacity to represent the whole estate.*

APPEAL from the District Court of East Feliciana, *Merrick,* J.
Smiley & Perrin, for plaintiff. *D. C. Hardee,* for defendants and appellants.

Buchanan, J. Plaintiff instituted proceedings in the Seventh District Court against the widow in community and tutrix of the minor children of *D. J. Fluker,* deceased, in the *via executiva,* upon an act importing confession of judgment signed by said *Fluker.* The widow *Fluker* took a suspensive appeal from the order of seizure and sale, *in her quality of administratrix of the succession of D. J. Fluker.*

The appeal was taken in the month of March, 1855, and filed in this court on the 27th of February, 1856. On the day of its filing, the appellant, by counsel, on affidavit of the birth of a posthumous child of *D. J. Fluker,* since the appeal taken, to wit, in June or July, 1855, moved the court for a continuance of the cause in order to make said posthumous child a party to the appeal, and to give appellant time to qualify as tutrix of said child. An order of continuance for said purposes was made on the 29th February, 1856.

At the present term, the appellant by counsel again moves for a continuance, on a suggestion supported by affidavit, that another of *D. J. Fluker's* heirs has attained the age of majority and has married, and should be made a party appellant.

On the other hand, the plaintiff, appellee, moves to rescind and set aside the order of the 29th of February, 1856, on the ground that it was made in error, the appeal being taken by the administratrix alone ; and furthermore, that the appellant has had ample time to qualify as tutrix of her posthumous child, and should not be allowed to profit by her own laches.

Upon the foregoing statement of facts, it is very plain that our order of the 29th February, 1856, was made unadvisedly, and that the appellant is not entitled to the further delay which she prays for, to make her married daughter party to the appeal. The rule of this court of the 29th May, 1854, provides for continuances to make parties in the place of appellants or appellees who have died pending the appeal. But such is not the case here. The heirs of *D. J. Fluker* were never parties to this appeal, although parties defendant to the suit. If they ought to have been made parties to the appeal, and were not, that would have been a good ground for dismissing the appeal on the motion of the appellee; but should not be used by appellant as a means of delaying the decision of the cause. But we are of opinion that it was not necessary to join *Fluker's* heirs in the appeal. The administratrix had full capacity to represent the whole estate for the purposes of the appeal.

It is ordered that the order of the 29th February, 1856, be set aside and rescinded, and that this cause be placed on the trial docket with preference.